# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| HENRY H. DIXON<br>    LDOC #108641 | CIVIL ACTION NO. 08-1623 |
| VS. | SECTION P<br>JUDGE MELANÇON |
| DURWOOD W. CONQUE, ET AL | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff/petitioner Henry H. "Boo Boo" Dixon, filed various pleadings and exhibits herein on October 28, 2008 [rec. doc. 1] and November 24, 2008 [rec. docs. 3 and 5]. Since the initial pleadings filed on October 28, 2008 were not on the proper form authorized for *pro se* prisoner litigation in this district [see Local Rule 3.2W], Dixon was made aware of the deficiency and ordered to amend; and, since the original *pro se* pleading was entitled "Complaint" [see rec. doc. 1, p. 1], Dixon was provided the form used by *pro se* prisoners filing civil rights complaints pursuant to 42 U.S.C. §1983. [rec. doc. 2] Thus, the pleadings filed on November 24, 2008 were submitted as a civil rights complaint and accepted for filing accordingly. [rec. docs. 3 and 5] In this amended pleading, Dixon claims that he is wrongfully imprisoned [rec. doc. 3, ¶IV] and he seeks "release and settlement." [*Id*., ¶V] His original non-conforming pleading listed the following individuals, requested their arrest and prosecution, and alleged that each was aware that he was wrongfully imprisoned – (1) Judge Durwood W. Conque of Louisiana's Fifteenth Judicial District Court; (2) Assistant District Attorney Bart J. Bellaire of the Fifteenth Judicial District; (3) Vermilion Parish Clerk of Court Carlton Campbell, (4) "Attorney for the State," Louis G. Garrot and, (5) Louisiana Department of Corrections Probation Officer Keith Bedwell. [rec. doc. 1, p. 3] As a result, these individuals

have been identified by the Clerk of Court as the defendants in this action. Nevertheless, Dixon's amended complaints named only Judge Conque as a defendant. [rec. docs. 3 and 5 at ¶III] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons it is recommended that the pleadings, insofar as they allege false imprisonment and seek money damages and the arrest and prosecution of various government officials, be construed as a civil rights complaint filed pursuant to 42 U.S.C. §1983, and, that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

It is further recommended that to the extent that Dixon seeks his release from custody, that this claim be construed as a petition for writ of *habeas corpus* and **DISMISSED WITHOUT PREJUDICE** because Dixon has failed to exhaust available state court remedies.

### *Background*

Dixon is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana.

On or about March 1, 2004, he pled guilty to a charge of possession of cocaine in the Fifteenth Judicial District Court, Vermilion Parish in the matter entitled *State of Louisiana v. Henry Dixon*, under docket number 40695. In accordance with a plea agreement, he was sentenced to serve 5 years at hard labor, however, his sentence was suspended and he was placed on supervised probation "... concurrent with any good time and/or parole granted defendant relative to the armed robbery sentence he is currently serving..." [rec. doc. 3, pp. 36-39]

Dixon's probation was revoked in April 2007 and he was ordered to serve the previously suspended portion of his sentence. [See *Henry Dixon v. Warden*, Civil Action No. 6:08-cv-0174 at rec. doc. 6, p. 21]

Thereafter, he filed a series of post-conviction attacks in the Fifteenth Judicial District Court; each in turn was denied. At some point he sought review in Louisiana's Third Circuit Court of Appeals. [*Id.*, p. 14– Notice of Filing Writ Application, Third Circuit Court of Appeals, Docket Number 08-00297-KH, March 14, 2008]

On February 1, 2008 Dixon filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Therein Dixon complained that he was wrongfully convicted, unlawfully imprisoned, and denied credit for time served. He demanded his immediate release from custody. [See *Henry Dixon v. Warden*, Civil Action No. 6:08-cv-0174 at rec. doc. 1 and rec. doc. 6, ¶5] On May 9, 2008 United States Magistrate Judge C. Michael Hill authored a report recommending dismissal of the petition because Dixon failed to exhaust available state court remedies prior to filing his federal petition. [*Id.*, at rec. doc. 9] On May 28, 2008 judgment was rendered ordering dismissal without prejudice. [*Id.*, rec. doc. 13]

Prior to filing the instant complaint/petition, Dixon apparently filed a civil action in the Fifteenth Judicial District Court which was assigned Docket Number 88,288. [rec. doc. 1, pp. 5-13] The status of this case is unknown.

The instant complaint/petition is difficult to decipher. The original non-conforming pleading, entitled "Complaint" suggests that Judge Conque and District Attorney Michael Harson have violated his rights because his sentence "... is completion as served." [rec. doc. 1, p. 1]

Submitted along with this complaint was a "Notice of Filing", the significance of which is unknown [*id.*, p. 2]; an "Article 385 Affidavit" alleging that the persons named on the form – (1) Judge Conque; (2) Assistant District Attorney Bart J. Bellaire; (3) Vermilion Parish Clerk of Court Carlton Campbell, (4) "Attorney for the State," Louis G. Garrot and, (5) Probation Officer Keith Bedwell – have knowledge of Dixon's continued wrongful imprisonment [*id.*, p. 3]; a Notice accompanying exhibits consisting of correspondence and pleadings associated with the civil action filed under Docket Number 88,288 in the Fifteenth Judicial District Court [*id.*, pp. 4-13] .

On November 24, 2008 Dixon filed amended complaints on the appropriate form and submitted a series of exhibits including (1) a notarized complaint along with grievances and exhibits directed to the Warden of Winn Correctional Center complaining that Dixon's good time credits and sentence in general were erroneously calculated [rec. doc. 3, pp. 5-9]; (2) a "Notice of Filing" directed to this Court [id., pp. 10-12]; (3) a "Petition of Pleading" which is a rambling, incomprehensible statement which seems to assert Dixon's innocence with respect to previous criminal convictions [id., pp. 13-18]; (4) a Notice of Signing of Judgment in the matter under Docket Number 88,288 dated October 24, 2008 indicating that a judgment was signed in that case on October 20, 2008 (however, Dixon did not provide a copy of the judgment in question) [id.; p. 19]; a memorandum directed to the Clerk of Court and a Notice of Filing dated October 14, 2008 along with a copy of a "petition" filed in the Fifteenth Judicial District Court on that same date – this rambling, almost incomprehensible pleading appears to complain about the legality of the probation revocation and the dismissal of various post-revocation pleadings filed in the Fifteenth Judicial District Court and which includes various exhibits purporting to support

his claims [id., pp. 20-39]. He submitted additional information of the same sort as exhibits associated with the complaint filed as document 5. [See rec. doc. 5, pp. 5-14]

### *Law and Analysis*

*1. Habeas Corpus*

Dixon's prose is difficult to decipher. Nevertheless, as previously noted, in both amended complaints he claims that he is wrongfully imprisoned [rec. doc. 3, ¶IV] and in both he seeks "release and settlement." [*Id.*, ¶V]

To the extent that Dixon challenges the fact of his confinement and seeks his release from custody, his complaint must be construed as an application for writ of *habeas corpus*. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir.1983) quoting, *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.1979) ("The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a *habeas corpus* matter, whereas challenges to conditions of confinement may proceed under Section 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.")

Since Dixon is "... in custody pursuant to the judgment of a State court..." his *habeas* petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005).

In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who attacks the legality of his confinement must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court. While not specifically alleged, it is apparent that Dixon has not exhausted available State court remedies. Dixon claims that his probation was erroneously revoked; and, that the Department of Corrections has miscalculated his release date by failing to give him credit for time served. Nevertheless, it does not appear that he fairly presented these claims to the Louisiana Supreme Court in a procedurally correct manner.[1]

---

[1] Under Louisiana law, Dixon was not entitled to appeal the revocation of his probation, however, he was entitled to seek review by invoking the general supervisory jurisdiction of the Third Circuit Court of Appeals and thereafter the Louisiana Supreme Court. See La. C.Cr.P. art. 912.1(C)(1); see also LSA Const. Art. 5, § 5(A).

With regard to the sentence computation claim, Dixon was obliged to raise this claim through the Louisiana Department of Corrections' administrative remedies procedure grievance process [see La. R.S.15:1172]; should that prove unsuccessful, he was obliged to seek judicial review in the Nineteenth Judicial District Court and thereafter in the First Circuit Court of Appeals and the Louisiana Supreme Court. [La. R.S.15:1177]

A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ judgments involving the petitioner, and therefore, it is safe to conclude that he did not present the substance of

As noted above, this is the same defect that resulted in the dismissal of his earlier petition for *habeas corpus* in the matter of *Henry Dixon v. Warden*, Civil Action No. 6:08-cv-0174. In his Report and Recommendation dated May 9, 2008, Magistrate Judge Hill, having found that Dixon failed to exhaust state court remedies, concluded, "... that the proper course of action is to dismiss this case without prejudice to allow petitioner to fully exhaust state court remedies before proceeding herein." [See No. 6:08-cv-0174 at rec. doc. 9, p. 9] Dixon chose to disregard that directive and therefore cannot be surprised at the result. To the extent that his pleadings advance a claim for *habeas corpus* relief, dismissal without prejudice for failure to exhaust state court remedies is appropriate.

**2. Civil Rights**

That does not end our inquiry, however, because Dixon also seeks "settlement," which the undersigned construes as a prayer for monetary damages. This construction is supported by other pleadings, namely the "Petition Complaint Begin" which indicates that Dixon seeks "... release and settle of compensation..." [rec. doc. 3, p. 24] Further, in his original complaint, he prayed for the arrest and prosecution of various defendants. [rec. doc. 1]

***a. Screening***

Dixon has been allowed to proceed *in forma pauperis*. When a prisoner sues an officer or employee of a governmental entity in a civil rights complaint, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a

---

his claims to Louisiana's highest court. (In his objection to Magistrate Judge Hill's Report and Recommendation in Civil Action No. 6:08-cv-0174, Dixon submitted a copy of a Notice from the Louisiana Supreme Court dated March 3, 2008. Therein the Clerk of Court advised Dixon that pleadings filed in the Supreme Court were being returned unfiled. The Clerk further advised, "If you have not received the desired response from the district court, you should apply for writs to the Court of Appeal, Third Circuit." [See 6:08-cv-0174 at rec. doc. 12, p. 6]

claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint alleges facts sufficient to conduct and conclude a preliminary screening pursuant to §1915. Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that his complaint is frivolous.

### b. *Heck v. Humphrey* Considerations

Dixon claims that he is illegally confined. To the extent that he seeks monetary damages for his false imprisonment, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that "... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 486-87 (footnote omitted).

Dixon has not met the precondition defined by *Heck* and his complaint, to the extent that he implies that he is entitled to monetary damages for false imprisonment, must be dismissed

with prejudice as frivolous until such time that he can demonstrate that his conviction has been invalidated. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir.1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post- *Heck*, because the plaintiff's action has been shown to be legally frivolous.")[2]

---

[2] Dixon's civil rights claims against the judge, assistant district attorney, and clerk of court are also subject to dismissal because those defendants are immune from suit. It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); see also *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). In other words, Judge Conque is absolutely immune from Dixon's claim for monetary damages, and thus, his claims are subject to dismissal pursuant to 28 U.S.C. §§1915(e)(2)(B)(iii) and 1915A(b)(2).

Dixon's claims against Assistant District Attorney Bellaire, are likewise subject to dismissal pursuant to 28 U.S.C. §§1915(e)(2)(B)(iii) and 1915A(b)(2). Prosecutors also enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir.1993). As the Supreme court reaffirmed: "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ...." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Graves*, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Id.* at 318 n. 9; see also *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir.1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (*en banc*) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.") Dixon alleged no facts against Mr. Bellaire that would defeat his absolute immunity, and his claims against the Assistant District Attorney should also be dismissed with prejudice.

### c. Arrest and Prosecution of the Defendants

Dixon's original pleadings sought the arrest and prosecution of the defendants based upon his claim that each was aware of the fact that he was falsely imprisoned. Decisions whether to prosecute or file criminal charges against an individual lie within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); see also *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Thus, to the extent that he seeks the arrest and prosecution of the defendants, Dixon's complaint is also frivolous.

## 3. Conclusion and Recommendations

Therefore,

**IT IS RECOMMENDED** that this complaint, insofar as it seeks Dixon's release from custody, be construed as a petition for *habeas corpus* (28 U.S.C. §22554) and that it be **DENIED AND DISMISSED WITHOUT PREJUDICE** because Dixon failed to exhaust all available State court remedies prior to filing suit;

**IT IS FURTHER RECOMMENDED** that this complaint, insofar as it seeks money damages and the arrest and prosecution of the defendants, be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

---

Dixon also seeks monetary damages from Vermilion Parish Clerk of Court Carlton Campbell. However, he has not specifically alleged fault on the part of this defendant. Nevertheless, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981); *Clay v. Allen*, 242 F.3d 679 (5th Cir. 2001).

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on February 2, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)